FILED
2016 Sep-14  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **Jeffrey G. Middleton and Delynda J. Middleton,** | ) | **Case No. _____** |
| | ) | |
| **Plaintiffs,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Navient Corporation and** | ) | |
| **Student Assistance Corporation,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

1.    This is an action brought by Plaintiffs, Jeffrey G. Middleton and Delynda J. Middleton, for statutory damages for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA"). Plaintiffs also seek compensatory and punitive damages for the Defendants' violations of Alabama common law set forth herein.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 28 U.S.C. §1331, §1332 and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

## PARTIES

3.    Plaintiff, Jeffrey G. Middleton, is a resident and citizen of the State of Alabama, Morgan County, and is over the age of twenty-one (21) years.

4.    Plaintiff, Delynda J. Middleton, is a resident and citizen of the State of Alabama, Morgan County, and is over the age of twenty-one (21) years.

5.    Defendant, Navient Corporation (hereinafter referred to as "Navient") is a Delaware corporation and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendant Navient was at all times relevant herein doing business in the state of Alabama and in this District.

6.    Defendant, Student Assistance Corporation (hereinafter referred to as "SAC") is a Delaware corporation and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendant SAC is a wholly owned subsidiary of Defendant Navient.  Defendant SAC was at all times relevant herein doing business in the state of Alabama and in this District.

7.    Defendants Navient and SAC each participated in and contributed to the damages caused to the Plaintiffs.

8.    Defendants each acted as principal and agent, each for the other Defendant.

9.     Each of the above-named Defendants acted in concert with each other and the actions of each individual Defendant were done on their own behalf and on the behalf of the other named Defendant.

## FACTUAL ALLEGATIONS

10.    In August 2013, the Plaintiffs obtained a new cell phone plan with Verizon Wireless. At that time, the Plaintiffs were assigned the cell number of 256-476-****.  Immediately after receiving this cell phone number, the Plaintiffs begin receiving multiple phone calls and recordings each day.  From August 2013 through September 15, 2014, Defendant Navient, by and through its agent Navient Solutions, Inc. (hereinafter "NSI"), made over 268 calls to the Plaintiffs' cell phone in an attempt to collect an alleged debt which belonged to Yhonica Brackins.  Defendant Navient, by and through its agents, called Plaintiffs' cell phone up to six times per day and left computerized messages stating "Hello. This is Sallie Mae. This call is for Yhonica Brackins.  Please return my call."

11.    On or about September 15, 2014, Defendant Navient transferred the Brackin account(s) from NSI to Defendant SAC, another of its wholly owned subsidiaries and agents.  SAC immediately began calling the Plaintiffs' cellular telephone, as well as the Plaintiffs' home phone.

12.    At the time SAC began calling the Plaintiffs' telephone numbers, Navient had already been informed by Plaintiffs', via letters, email, and a telephone conversation, to stop all calls to the Plaintiffs' telephone numbers.  Navient had also been informed that it was calling the wrong phone number to reach Yhonica Brackins.  Despite this information, Navient failed to remove the Plaintiffs' telephone numbers from Yhonica Brackins' account.  Navient also failed to block the Plaintiffs' telephone numbers so that no additional calls could be made to the Plaintiffs.

13.    The calls to the Plaintiffs' cell and home telephone numbers continued from Defendants Navient and SAC until October 27, 2014.  From September 15 through October 27, 2014, the Plaintiffs received over 155 telephone calls from Defendants.

14.    The multiple calls per day to the Plaintiffs' cell and home telephone numbers from Defendants was harassing to the Plaintiffs and greatly interfered with their lives.  When the Plaintiffs tried to return the calls of the Defendants to ask the Defendants to stop calling and harassing them, they were put on hold and no live person would ever pick up the phone.

15.    Although the calls from Defendants came from different numbers, the Defendants used the same voice recording and the same automated message

to harass the Plaintiffs.

16.     Plaintiffs received calls from Defendants using many different phone numbers

        including, but not limited to: 866-905-8941, 765-283-3495, 765-637-0782,

        317-550-5549, 800-335-9188, and 317-348-9725.   The caller IDs for these

        calls would show "Sallie Mae", "Toll Free Call" or "Private Name" but they

        were all from Defendants with the same automated message "This is Sallie

        Mae."

17.     On May 28, 2014, the Plaintiffs registered their cell phone number on the

        national "do not call" registry.   Unfortunately, this had no impact on the

        Defendants repeated calls to the Plaintiffs.

18.     In August 2014, the Plaintiffs decided to get a landline telephone for their

        home. As soon as the Plaintiffs had the landline connected, the calls from the

        Defendants began coming to their new landline. Because of the repeated

        telephone harassment from the Defendants, the Plaintiffs had to put the ringer

        for their landline on silent.  However, because Plaintiffs' landline was part of

        their Charter Communications cable package, each time their telephone rang,

        even with the ringer on silent, the call was displayed on their television screen

        for everyone to see.

19.     On August 26, 2014, the Plaintiffs registered their landline telephone number

on the national "do not call" registry.

20.    On or about October 8, 2014, Plaintiffs sent a certified letter to Defendant

Navient's CEO demanding that the calls stop.  Even after Defendant Navient

received this letter, the calls continued.

21.    On October 30, 2014, Defendant Navient sent Plaintiff Delynda Middleton a

letter via email.  In this letter, Jennifer Margary, Office of the Customer

Advocate, stated that she had found that the Plaintiffs' cell phone number

"was listed as a contact number for another reference on the account for a

former customer."  Margary also stated that since Defendant was no longer

servicing that persons account, Defendant would no longer contact the

Plaintiff's phone number regarding that account.  Plaintiffs never received any

explanation of how or why their landline phone number was being called be

Defendants.

22.    The relentless telephone calls made by the Defendants to the Plaintiffs were

all made with the intent to harass, annoy or coerce Plaintiffs into paying an

alleged debt that did not belong to them.  The communications invaded the

Plaintiffs' privacy by not allowing them a moment of peace in their own home.

Defendants' actions in calling the Plaintiffs up to five times per day evidences

Defendants' intent to harass the Plaintiffs, as well as Defendants' callous and

complete disregard for the laws governing their conduct.

23.    Upon information and belief, all of the calls placed to the Plaintiffs' cellular telephone by Defendants were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227.

24.    Defendants repeatedly called Plaintiffs on numbers that were assigned to a cellular telephone service. Additionally, Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

25.    Plaintiffs did not expressly consent to Defendants' placement of telephone calls to their cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).   Additionally, any alleged consent by Plaintiffs was expressly revoked by Plaintiffs when they instructed Defendant Navient to only communicate with them by mail or email. Therefore, Defendants knew, or should have known, that they were calling Plaintiffs' cellular telephone number without express consent.  Furthermore, each and every call made to Plaintiffs regarding the account of a third party was without consent.

26.    None of Defendants' telephone calls placed to Plaintiffs were for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(I).

27.    The telephone calls made by Defendants were in violation of 47 U.S.C.

§227(b)(1).

## COUNT ONE
### (Violation of the Telephone Consumer Protection Act)

28.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 27 as if set forth fully herein.

29.   The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

30.   As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT TWO
### (Violation of the Telephone Consumer Protection Act)

31.   Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 30 as if set forth fully herein.

32.   The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

33.   As a result of Defendants' knowing and/or willful violations of 47 U.S.C.

§227 *et seq.*, the Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT THREE
### (Negligent Training and Supervision)

34.    Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 33 as if set forth fully herein.

35.    Defendants knew or should have known of their inadequate training and supervision.   If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

36.    Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the TCPA and Alabama law.

37.    Defendants negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

38.    As a result of the Defendants' negligence, the Plaintiffs suffered humiliation, loss of sleep, frustration, worry, anxiety, nervousness, anger, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
### (Reckless and Wanton Training and Supervision)

39.  Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 38 as if set forth fully herein.

40.  Defendants knew or should have known of their inadequate training and supervision.  If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiffs would not have occurred.

41.  Defendants knew or should have known that the conduct of their employees, agents, and/or assigns was improper and in violation of the TCPA and Alabama law.

42.  Defendants recklessly and wantonly failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

43.  As a result of the Defendants' recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, frustration, worry, anxiety, nervousness, anger, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FIVE
### (Invasion of Privacy)

44.  Plaintiffs hereby adopt all of the allegations set forth in paragraphs 6 through 43 as if set forth fully herein.

45.   Alabama state law recognizes the Plaintiffs' right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiffs.

46.   Defendants intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with telephone calls to collect an alleged debt.

47.   The telephone calls made by Defendants to Plaintiffs were so persistent and repeated with such frequency that they were outrageous, caused Plaintiffs serious mental suffering and invaded the Plaintiffs' privacy.

48.   The conduct of the Defendants in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiffs hundreds of times demonstrates Defendants' blatant and shocking disregard for Plaintiffs' rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49.   As a result of the intrusions and invasions into Plaintiffs' privacy, the Plaintiffs are entitled to compensatory damages in an amount to be determined by a struck jury.

50.   Additionally, as all of the acts undertaken and performed by the Defendants and its employees and/or agents were committed with malice, intent,

wantonness, willfulness, and recklessness, the Plaintiffs are also entitled to punitive damages from the Defendants.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against Defendants for the following:

A.    Statutory damages of $500.00 from Defendants for each and every negligent violation of the TCPA;

B.    Treble statutory damages of $1,500.00 for each and every call made to the Plaintiffs' cell phone by Defendants as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

C.    For compensatory and punitive damages in an amount to be determined by a struck jury for Defendants' negligent training and supervision, reckless and wanton training and supervision, and invasion of privacy;

D.    For this matter to be heard by a jury; and

E.    For such other and further relief as this Court deems necessary and proper.

/s/ Ronald C. Sykstus
Ronald C.  Sykstus
Attorney for Plaintiffs

**OF COUNSEL**:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.

225 Pratt Avenue
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiffs

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/Ronald C. Sykstus
Of Counsel

**SERVE DEFENDANTS VIA CERTIFIED MAIL**
Navient Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Student Assistance Corporation
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808